UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL DAVID STONE,<br><br>　　　　　　Defendant. | Case No. 2:22-CR-0100-BLW<br><br>**REPORT AND RECOMMENDATION** |

　　　　On August 30, 2022, Defendant MICHAEL DAVID STONE appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement. The Defendant executed a waiver of the right to have the presiding United States District Judge take his change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the Indictment (Dkt. 1), the maximum penalties applicable, his Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

　　　　The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds there is a factual basis for the Defendant's guilty plea, that he entered it voluntarily and with full knowledge of the

**REPORT AND RECOMMENDATION - 1**

consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States Probation Office.

Because the offense to which Defendant entered his guilty plea is an offense in a case described in subparagraph (C) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate.

In this case, the Government filed a motion for detention. (Dkt. 3.) On June 30, 2022, a detention hearing was held where the Government agreed to conditions of release, and the Court entered an Order Setting Conditions of Release. (Dkt. 19, 20.) The Government has represented to the Court that it does not have any information or reason to believe Defendant is at an enhanced risk of flight or danger to the community at this time, and submitted the question of detention or continued release pending sentencing to the Court.

Pretrial Services reports Defendant has been compliant with the conditions of pretrial release, maintained consistent communication with the probation officer, enrolled himself in substance abuse treatment, and tested negative for controlled substances. (Dkt. 34.) Defendant requests to remain on release pending sentencing to allow him to complete certain scheduled surgical procedures before sentencing.

**REPORT AND RECOMMENDATION - 2**

Upon consideration of the totality of the circumstances presented in this case, including the stringent conditions of release, Defendant's ongoing participation in substance abuse testing and treatment, the need for Defendant to undergo scheduled surgical procedures prior to his sentencing, and upon finding Defendant is exceptionally unlikely to flee or cause a danger to the community if release is continued, the Court recommends release be continued. The Court finds exceptional reasons have been clearly shown by Defendant that detention pending imposition of sentencing would not be appropriate.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) The District Court accept Defendant MICHAEL DAVID STONE's plea of guilty to Count One of the Indictment (Dkt. 1).

2) The District Court order forfeiture consistent with Defendant MICHAEL DAVID STONE's admission to the Criminal Forfeiture allegation in the Indictment (Dkt. 1) and the Plea Agreement.

3) The District Court continue Defendant's release pending sentencing, subject to the standard and additional conditions of release previously imposed in the Order Setting Conditions of Release dated June 30, 2022. (Dkt. 20.)

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: August 30, 2022

_____
DEBORA K. GRASHAM
U.S. MAGISTRATE JUDGE

**REPORT AND RECOMMENDATION - 4**